UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JAMES H. NELSON #421243,

    Plaintiff,

v.                                                            No.:   3:09-cv-356
                                                                      (VARLAN/SHIRLEY)

STATE OF TENNESSEE, et al.,

    Defendants.

**MEMORANDUM AND ORDER**

The Court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

Plaintiff is in the custody of the Tennessee Department of Correction. His complaint concerns an alleged denial of medical care. Specifically, plaintiff alleges that upon his transfer from the Brushy Mountain Correctional Complex to the Sevier County Jail for a court appearance, he was not allowed to take with him his medications for high blood pressure, acid reflux, and arthritis. Plaintiff further alleges that it then took three days for him to begin receiving his medications from the jail staff. Plaintiff seeks compensatory

damages for his alleged severe physical, emotional and mental pain and distress. The defendants are the State of Tennessee, the Tennessee Department of Correction, Brushy Mountain Correctional Complex, the Sevier County Sheriff's Department, and various officials with those entities.

The Eighth Amendment's ban against cruel and unusual punishment obliges prison authorities to provide medical care for prisoners' serious medical needs. In order to state a claim under § 1983 in the medical context, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, under the *Estelle* standard, "[a] constitutional claim for denial of medical care has objective and subjective components." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir.2004).

The objective component requires an inmate to establish that he is suffering from a sufficiently serious medical need, such that "he is incarcerated under conditions posing a substantial risk of serious harm." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000) (citation omitted). The subjective component necessitates an inmate show that a prison official possessed a culpable state of mind. *Id*. "A defendant possess[es] a sufficiently culpable state of mind when he acts with deliberate indifference." *Carter v. City of Detroit*, 408 F.3d 305, 312 (6th Cir.2005) (citation omitted). "Put simply, 'deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'" *Johnson v. Karnes*, 398 F.3d 868, 875 (6th Cir.2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). Under the circumstances, the Court finds that plaintiff's

allegations that he was denied access to his medications for high blood pressure, acid reflux, and arthritis for a period of three days, without more, fails to satisfy either the objective or subjective components of the *Estelle* standard.

Although this Court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the Court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action is **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is in the custody of the Tennessee Department of Correction, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the Northwest Correctional Facility, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

**E N T E R :**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
